UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA DANIEL NAPIER,

        Plaintiff,

   v.                                  CAUSE NO. 3:22-CV-431-DRL-MGG

WELLPATH *et al.*,

        Defendants.

OPINION AND ORDER

Joshua Daniel Napier, a prisoner without a lawyer, filed a complaint against Wellpath and Dr. Foster. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Napier alleges that, while he was housed at the St. Joseph County Jail, he had a cyst on his back that ruptured. He wrote to Wellpath about the cyst, though he does not provide a date. In response, Dr. Foster looked at it, but he did not do anything to help him at that time. However, on May 13, 2022, the cyst was removed by Dr. Foster. Following the removal, the wound was not stitched. Mr. Napier theorizes that when the cyst popped under his skin, the infection got into his body and caused him to experience

joint pain. He wrote to Wellpath about the joint pain, but he had not been seen by a provider at the time he wrote his complaint, and he has since been moved to a different facility. Mr. Napier further claims that he has developed pain in the back of his head from the infection, and he worries he could lose his leg from the infection. Mr. Napier is also upset that he was charged $15.00 for his medical care.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources,*

2

*Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitute deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). Mr. Napier has not pleaded facts from which it can be plausibly inferred that Dr. Foster's decisions regarding the care and removal of his cyst were not based on his medical judgment. At best, the facts suggest negligence or malpractice, but they do not suggest deliberate indifference. Therefore, Mr. Napier cannot proceed against Dr. Foster.

Mr. Napier has also sued Wellpath. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Mr. Napier's allegations against Wellpath are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Wellpath.

Finally, Mr. Napier complains that he was charged $15.00 for the medical care he received. Mr. Napier is not entitled to free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If Mr. Napier believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where

3

amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Joshua Daniel Napier until **November 10, 2022**, to file an amended complaint; and

(2) CAUTIONS Joshua Daniel Napier if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 12, 2022  *s/ Damon R. Leichty*
Judge, United States District Court