UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA DANIEL NAPIER,

Plaintiff,

v.                                                        CAUSE NO. 3:22-CV-431-DRL-MGG

WELLPATH *et al.*,

Defendants.

OPINION AND ORDER

Joshua Daniel Napier, a prisoner without a lawyer, filed an amended complaint

against Dr. Foster, Nurse Kayla, Nurse Jasmine, and Sheriff William Redman. ECF 18. "A

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations

omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner

complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Napier's amended complaint alleges essentially the same facts as his original

complaint. While he was housed at the St. Joseph County Jail, he had a cyst on his back

that ruptured. He wrote to Wellpath about the cyst, though he does not provide a date.

In response, Dr. Foster looked at it, but he did not do anything to help him at that time.

However, on May 13, 2022, the cyst was removed by Dr. Foster. Following the removal,

the wound was not stitched. The wound became infected. Mr. Napier reports that he has

submitted many medical forms regarding his pain and suffering, but he does not provide any details regarding his complaints.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prisoner must meet both an objective and subjective component: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible," *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Neither negligence nor medical malpractice constitutes deliberate indifference. *Estelle*, 429 U.S. at 106. Courts generally

"defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and quotations omitted).

The court explained to Mr. Napier in response to his earlier complaint that he had not pleaded facts from which it could be plausibly inferred that Dr. Foster's decisions regarding his care were not based on his medical judgment. The amended complaint still does not include facts from which it can be plausibly inferred that Dr. Foster's decisions regarding the care and removal of his cyst were not based on his medical judgment. At best, the facts suggest negligence or malpractice, but they do not suggest deliberate indifference. Therefore, Mr. Napier cannot proceed against Dr. Foster.

Mr. Napier has also sued Nurse Kayla and Nurse Jasmine. However, he provides no facts whatsoever regarding how they were involved in his care. Mr. Napier made no effort to explain how they allegedly departed from accepted professional judgment, practice, or standards, or to demonstrate that they made decisions that were not based on their professional judgments.

Finally, Mr. Napier sued Sheriff William Redman and Warden Russell Olmsted because they are responsible for the operation of the jail. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and defendants cannot be held liable simply because they employed or supervised the alleged wrongdoer. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

The amended complaint suffers from the same shortcomings as Mr. Napier's original complaint and does not state a claim for which relief can be granted. No further allowance to amend at this point is appropriate. For these reasons, this case is dismissed under 28 U.S.C. § 1915A.

SO ORDERED.

December 12, 2022                                   s/ Damon R. Leichty
                                                    Judge, United States District Court